IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                          *

    Clarence W. Seyfferth IV           *        Case No.: 24-13782
                                         (Chapter 7)
          Debtor                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

CLARENCE W. SEYFFERTH IV                        *
1602 Cananaro Court
Annapolis, Maryland 21409                       *

           Plaintiff/Debtor              *

    v.                                          *        Adv. Proc No.: _____

WANDA SMITH                                     *
3837 Cassandra Rd
Randallstown, Maryland 21133                    *

ERICKA N. KING, ESQ.                            *
1122 Kenilworth Drive, Suite 507
Towson, Maryland 21204                          *

THE LAW OFFICE OF                               *
ERICKA N. KING, LLC
1122 Kenilworth Drive, Suite 507                *
Towson, Maryland 21204
                                       *

  **Serve on:**   Ericka N. King, Esq.
               1122 Kenilworth Drive          *
               Suite 507
               Towson, Maryland 21204         *

           Defendants                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR WILLFUL VIOLATION OF AUTOMATIC STAY

Debtor/Plaintiff Clarence W. Seyfferth IV hereby files this Complaint against Defendant Wanda Smith, Ericka King, and The Law Office of Ericka King LLC for willfully violating the automatic stay in this case, and states:

### PARTIES

1. On May 2, 2024, Debtor/Plaintiff Clarence W. Seyfferth IV filed a voluntary Petition under petition under Chapter 7 of the Bankruptcy Code commencing in this court Bankruptcy Case No.: 24-13782, which is still pending.

2. Debtor/Plaintiff is a Maryland resident who resides at 1602 Cananaro Court, Annapolis, MD 21409.

3. Defendant Wanda Smith resides at 3837 Cassandra Road, Randallstown, MD 21133.

4. Defendant Ericka King, Esquire, has her principal place of business at 1122 Kenilworth Drive, Suite 507, Towson, MD 21204.

5. Defendant The Law Office of Ericka N. King, LLC has its principal place of business at 1122 Kenilworth Drive, Suite 507, Towson, MD 21204.

### JURISDICTION AND VENUE

6. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (G), and (O), §1334, and 11 U.S.C. § 105 and 362(h).

7. Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

8. This Complaint is filed pursuant to Bankruptcy Rule 7001.

9. This adversary proceeding is a core proceeding.

## FACTS COMMON TO ALL COUNTS

The State Court Case

10. On November 3, 2022, Defendants Ericka King and her law office filed on behalf of Defendant Wanda Smith a Complaint/Motion to Compel Arbitration against Debtor's former company, Catalina Pool Builders, LLC ("Catalina"), before the Circuit Court for Baltimore County, Maryland, Case No. C-03-CV-22-004483 (the "State Court Case").

11. On March 15, 2023, Defendants filed an Amended Complaint against Catalina and add as individual defendants, Joshua Seyfferth, Leland Seyfferth, and Clarence W. Seyfferth III ("Second Complaint"). In their Second Complaint, Defendants asserted that, on January 31, 2022, Defendant Wanda Smith entered into a contract with Catalina, and that Catalina failed to complete that contract. Defendants also alleged that somehow Joshua Seyfferth, Leland Seyfferth, and Clarence W. Seyfferth III defrauded Ms. Smith because Catalina failed to complete her pool.

12. On February 23, 2024, if not earlier, Debtor's counsel informed Defendants in writing that they had not sued, nor served Clarence W. Seyfferth IV in his individual capacity.

13. On March 15, 2024, Joshua and Leland Seyfferth filed a Motion for Summary Judgment. That same day, Clarence W. Seyfferth III also filed a Motion for Summary Judgment, noting that he had never been an owner in Catalina.

Debtor's Bankruptcy Filing

14. On May 2, 2024, Debtor/Plaintiff Clarence Seyfferth IV filed a Chapter 7 Bankruptcy case, Defendant was listed in his Schedules and notified of his filing.

15. Defendant Wanda Smith was listed in Debtor's Schedules, and she and the other Defendants were notified of his filing. See Ex. A (Bankr. Petition pertinent pages).

Defendants' Actions in Violation of the Automatic Stay

16. On May 22, 2024, the State Court held a hearing on Joshua and Leland Seyfferth's and Clarence W. Seyfferth III's Motions for Summary Judgment. During that hearing, Debtor's bankruptcy filing was discussed in open court in Defendant Ericka King's and her law office's presence. There is no question that Defendants were fully aware of Debtor's bankruptcy case.

17. On May 31, 2024, in direct violation of 11 U.S.C. § 362, Defendants filed an amended complaint in the State Court Case, which sought to join Mr. Seyfferth IV as a party. *See* Ex. B (Amend. Compl.).

18. On June 7, 2024, Debtor, through his counsel, sent Defendants a letter along via email and regular mail requesting that they voluntarily dismiss their case against Debtor by June 14, 2024. Defendants failed to do so. Ex. C (Email/Ltr. 6/7/24).

## COUNT I
## Violation of Automatic Stay

19. Debtor realleges the allegations made in the earlier paragraphs as if set forth herein.

20. Defendants received actual notice of the automatic stay in Debtor's bankruptcy case from Debtor and this Court. *See* Ex. A (Bankr. Petition pertinent pages).

21. After receiving actual notice of the automatic stay, Defendants attempted to name Debtor as a party in the State Court Case and to prosecute their claims against him in violation of 11 U.S.C. § 362.

22. Defendants filed their amended complaint in the State Court Case against Debtor despite knowing of his bankruptcy and having been warned that violation of the automatic stay would subject them to penalties. Defendant willfully ignored such notice and warnings.

23. Defendants' conduct as alleged about was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of Debtor's right to be free from collection activities during his bankruptcy.

24. Defendants' conduct as described above violates 11 U.S.C. § 362(a)(3).

25. Defendants' violation of 11 U.S.C. § 362(a)(3) was "willful" as that term is used in 11 U.S.C. § 362(k)(1).

26. Under 11 U.S.C. § 362(k)(1), Debtor is entitled to compensation for actual damages, punitive damages, and reasonable fees and costs from Defendant in amounts to be decided by the Court.

WHEREFORE, for the reasons stated herein, Debtor requests that this Court enter a money judgment against Defendant sufficient to cover Debtor's compensatory damages, his attorneys' fees and costs, and award punitive damages against Defendants and in favor of Debtor.

Respectfully submitted,

/s/ Jan I. Berlage
Jan I. Berlage (Fed. Md. # 23937)
Gohn Hankey & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 (fax)
jberlage@ghsllp.com

Attorney for Debtor Clarence Seyfferth IV