**Jan I. Berlage**

| | |
|---|---|
| From: | Jan I. Berlage |
| Sent: | Friday, June 7, 2024 2:15 PM |
| To: | 'ekinglaw@gmail.com' |
| Cc: | Saxon Marvin; Sade Walton |
| Subject: | RULE 1-341/11 U.S.C. sec 362 Letter: Filing Reviewed for Case: C-03-CV-22-004483; Wanda Smith vs. Catalina Pool Builders, LLC, et al.; Envelope Number: 16751321 |
| Attachments: | doc_20240607140723.pdf; doc_20240607132139.pdf |

## RULE 1-341/11 U.S.C. sec 362

### *Wanda Smith vs. Catalina Pool Builders, LLC, et al.*
### Baltimore County Circuit Court Case No. C-03-CV-22-004483

Ericka:

Attached is a Rule 1-341/11 U.S.C. sec 362 letter, along with a courtesy copy of our filing today. A service copy of our filing was also sent via MDEC.

Regards,
Jan

GOHN HANKEY & BERLAGE LLP

| *Baltimore* | *Annapolis* | *Jan I. Berlage* |
|---|---|---|
| 201 North Charles Street | 111 Cathedral Street | Direct: 410-752-1261 |
| Suite 2101 | Suite 301 | Mobile: 443-857-7789 |
| Baltimore, Maryland 21201 | Annapolis, Maryland 21401 | JBerlage@ghsllp.com |
| 410-752-9300 | | |
| 410-752-2519 fax | | |
| www.ghsllp.com | | |

From: no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>
Sent: Friday, June 7, 2024 11:59 AM
To: Jan I. Berlage <JBerlage@ghsllp.com>
Subject: Filing Reviewed for Case: C-03-CV-22-004483; Wanda Smith vs. Catalina Pool Builders, LLC, et al.; Envelope Number: 16751321



EXHIBIT C

1



# Filing Reviewed

Envelope Number: 16751321
Case Number: C-03-CV-22-004483
Case Style: Wanda Smith vs. Catalina Pool Builders, LLC, et al.

The filing below was reviewed and has either been fully accepted, deficient, or stricken by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| Court | 3rd Circuit |
| Case Number | C-03-CV-22-004483 |
| Case Style | Wanda Smith vs. Catalina Pool Builders, LLC, et al. |
| Date/Time Submitted | 6/7/2024 9:54 AM EST |
| Date/Time Accepted | 6/7/2024 11:58 AM EST |
| Accepted Comments | |
| Filing Type | Motion |
| Filing Description | Motion to Strike Plaintiff's Late and Improperly Filed Complaint |
| Activity Requested | EFileAndServe |
| Filed By | Jan Berlage |
| Filing Attorney | Jan Berlage |

| Document Details | |
|---|---|
| Lead Document | Motion to Strike.pdf |
| Lead Document Page Count | 8 |
| File Stamped Copy | Download Document |
| This link is active for 60 days. To access this document, you will be required to enter your email address. Click here for more information. ||

**Please Note:** Maryland Rule 20-201(f) requires you to add yourself as a service contact on this case. Please see the steps in the Policies and Procedures Manual.

For technical assistance, contact your service provider

Odyssey File & Serve

(800) 297-5377

2

Please do not reply to this email. It was automatically generated.

| | | |
|---|---|---|
| GOHN<br>HANKEY &<br>BERLAGE LLP<br><br>www.ghsllp.com | 201 North Charles Street<br>Suite 2101<br>Baltimore, Maryland 21201<br>(410) 752-9300 Tel.<br>(410) 752-2519 Fax | Jan I. Berlage<br>Direct Dial: (410) 752-1261<br>JBerlage@ghsllp.com |

June 7, 2024

**RULE 1-341 & 11 U.S.C. § 362 LETTER**

**Via Email and First-Class Mail**

Ericka King, Esq.
The Law Office of Ericka N. King, LLC
200 E. Lexington Street, Suite 1111
Baltimore, MD 21202
ekinglaw@gmail.com

   Re: *Wanda Smith v. Catalina Pool Builders, LLC, et al.*
      Baltimore County Circuit Court, Case No. C-03-CV-22-004483

Dear Ericka:

  We write to provide you with an opportunity to voluntarily dismiss the above-referenced case (the "Case") with prejudice prior to seeking remedies under Rule 1-341 and 11 U.S.C. § 362. For the reasons stated in Joshua Seyfferth, Leland Seyfferth, and Clarence Seyfferth III's (the "Individual Defendants") Motions for Summary Judgment, your client Wanda Smith's claims against them are without substantial justification. By her own admission, your client contracted with Catalina Pool Builders, LLC ("Catalina"), not the Individual Defendants. In fact, as she admits in her most recent affidavit, she had no contact with any of them. Even her claims against Catalina are without merit. Catalina did not finish your client's pool because she failed to make her final payment in breach of contract. Even worse, you and your client sued Clarence Seyfferth III, even though he was never an owner in Catalina. While that may have been a mistake, you have continued to prosecute your claims against him even after you became aware that they are without substantial justification in direct violation of Rule 1-341.

  Most recently, on May 31, 2024, despite knowing that Clarence Seyfferth IV filed bankruptcy, you filed a new complaint attempting to join him as a defendant in this Case a month before trial scheduled to begin. That is a willful violation of the automatic stay in his bankruptcy case. *See* 11 U.S.C. § 362. You also disregarded the applicable Maryland Rules and the Court's Scheduling Order. Despite this, and the thousands of dollars you have cost the Individual Defendants, we are providing you and your client an opportunity to avoid the consequences of your actions by immediately dismissing your Case with prejudice.

  We look forward to receiving confirmation that you have done so at your earliest convenience but, in any event, by this **Friday, June 14, 2024.**

                   Very truly yours,

                   Jan I. Berlage

| | | |
|---|---|---|
| WANDA SMITH | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | OF MARYLAND FOR |
| CATALINA POOL BUILDERS, LLC, *et al.* * | | BALTIMORE COUNTY |
| Defendants | * | Case No.: C-03-CV-22-004483 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## INDIVIDUAL DEFENDANTS' MOTION TO STRIKE
## PLAINTIFF'S LATE AND IMPROPERLY FILED FIFTH AMENDED COMPLAINT

Per Rule 2-341, Defendants Clarence W. Seyfferth III, Joshua Seyfferth, and Leland Seyfferth (collectively, "Individual Defendants") Motion to Strike Plaintiff's Late and Improperly Filed Fifth Amended Complaint ("Fifth Complaint"), and state as follows:

### I. INTRODUCTION

Plaintiff's Fifth Complaint seeks to add Clarence Seyfferth IV, who is currently in bankruptcy, as a party to this case roughly a month before trial is scheduled to begin. As discussed more fully below, Plaintiff's Fifth Complaint should be stricken for the following reasons:

- Per this Court's Scheduling Order, trial in this case is set to begin on **July 9, 2024**;

- Per this Court's Scheduling Order, the deadline for Joinder of Parties was **December 29, 2023**;

- In violation of Rule 2-341(b), Plaintiff failed to request leave from this Court before filing her *proposed* Fifth Complaint;

- In violation of Rule 2-341(d), Plaintiff failed to request a new summons;

- In violation of Rule 2-341(e), Plaintiff failed to request attach a comparison copy of her *proposed* Fifth Complaint; and

- Plaintiff's attempt to add Clarence Seyfferth IV as a party while he is in bankruptcy violates the automatic stay and is sanctionable under 11 U.S.C. § 362.

In short, this Court should strike Plaintiff's Fifth Amended Complaint as a matter of law.

## II. FACTS

1. Founded in 2008, Defendant Catalina Pool Builders, LLC ("Catalina") became one of the largest pool builders in Maryland. This scale allowed it to offer very competitive rates. When the pandemic hit, Catalina's size, coupled with the fixed prices in its contracts, proved fatal. On October 13, 2022, it closed its doors, leaving its employees and owners without jobs. Many of its customers also suffered; Plaintiff was not among them. In breach of her contract (the "Contract"), Plaintiff never made her last payment to Catalina. Despite this, Plaintiff now claims she suffered damages because of Catalina's closure. Worse, she seeks to hold the Individual Defendants, responsible without any evidence of wrongdoing on their part.

2. On November 3, 2022, Plaintiff filed her original Complaint/Motion to Compel Arbitration against Catalina, which this Court struck on March 14, 2023.

3. On March 15, 2023, Plaintiff filed an Amended Complaint against Catalina and the Individual Defendants ("Second Complaint"). In her Second Complaint, Plaintiff asserted that, on January 31, 2022, she entered a contract with Catalina, and that Catalina failed to complete that contract. She also alleged that the Individual Defendants somehow defrauded her because Catalina failed to complete her pool. Plaintiff does not allege that she had any contact with the Individual Defendants, nor can she, since none of them ever spoke with her or had any involvement with her project. One of the Individual Defendants, Clarence Seyfferth III, was not even an owner. Plaintiff might have intended to sue Clarence Seyfferth IV, but failed to ever do so.

4. On April 27, 2023, this Court issued a deficiency notice concerning Plaintiff's Second Complaint. The next day, April 28, 2023, Plaintiff filed a Second Amended Complaint ("Third Complaint"), which did not contain any material changes.

2

5. On July 19, 2023, Plaintiff filed a Third Amended Complaint, mislabeled as the Second Amended Complaint ("Fourth Complaint"), which the Individual Defendants answered on July 31, 2023. The Fourth Complaint sued Clarence Seyfferth III, despite his not being an owner in Catalina, and did not include Clarence Seyfferth IV as a defendant.

6. On August 10, 2023, this Court issued its Scheduling Order, which provided a deadline for the Joinder of Additional Parties of December 29, 2023. Per that Scheduling Order, a three-day jury trial is set to begin on July 9, 2024. *See* Ex. 1 (Sch. Order).

7. On January 9, 2024, the parties filed a Consent Motion to Modify the discovery and dispositive motion deadlines, which this Court granted the next day (January 10). No other deadlines were extended.

8. On February 23, 2024, if not earlier, the Individual Defendants informed Plaintiff in writing that she had not sued, nor served Clarence Seyfferth IV in his individual capacity. *See* Ex. 2 (email).

9. On March 15, 2024, the Individual Defendants filed two Motions for Summary Judgment, one for the owners, and another for Clarence Seyfferth III, a former employee.

10. On May 2, 2024, Clarence Seyfferth IV filed a chapter 7 bankruptcy case. Plaintiff was listed in his Schedules and notified of his filing. *See* Ex. 3 (Bankr. Petition pertinent pages).

11. On May 22, 2024, this Court held a hearing on the Individual Defendants' Motions for Summary Judgment. During that hearing, Mr. Seyfferth IV's bankruptcy filing was discussed in open court in Plaintiff counsel's presence. There is no question that Plaintiff and her counsel were fully aware of Mr. Seyfferth IV pending bankruptcy case when they filed their Fifth Complaint. At the end of that hearing, this Court granted Plaintiff a short extension to supplement her opposition to the Individual Defendants' Motions for Summary Judgment with any exhibits

she deemed appropriate, provided they complied with Rule 2-501. The Court did not grant her leave to file yet another amended complaint.

12. On May 31, 2024, in direct violation of 11 U.S.C. § 362, this Court's Scheduling Order, and Rule 2-341, without leave of this Court, and without attaching a redline copy, Plaintiff filed her Fifth Complaint, which now seeks to join Mr. Seyfferth IV as a party. As discussed below, this Court should strike Plaintiff's Fifth Complaint as a matter of law.

### III. ARGUMENT

Maryland law is clear that "an amendment should never be allowed ***if prejudice to the opposing party or undue delay results***, though a continuance may be necessitated at time to avoid the former." *Robertson v. Davis*, 271 Md. 708, 710, 319 A.2d 816, 818 (1974) (emphasis added); *see also Wright v. Trotta*, 34 Md. App. 309, 322, 367 A.2d 557, 565 (1976). Further, "an amendment should not be allowed if it … would be futile because the claim is flawed irreparably." *RRC Northeast, LLC v. BAA Md., Inc.*, 413 Md. 638, 673-74, 994 A.2d 430, 452 (2010). The decision to grant leave to amend "rests within the sound discretion of the trial judge, and this discretion is subject to review on appeal only for its abuse." *Robertson*, 271 Md. At 710, 319 A.2d at 818.

Plaintiff's Fifth Complaint seeks to bring in a new party roughly a month before trial in a case that should be resolved in favor of the Individual Defendants on their pending Motions for Summary Judgment as a matter of law. It is impossible to tell what else Plaintiff changed in this amended pleading, since she failed to attach a comparison copy of her new *proposed* complaint in violation of Rule 2-341(e). Further, Plaintiff has known at least as far back as February that she had not sued Mr. Seyfferth IV and did nothing. *See* Ex. 2 (email). Clearly, at this late hour, allowing Plaintiff to file yet another amended complaint would severely and unduly prejudice the Individual Defendants. There is no excuse for Plaintiff's late filing. The Maryland Rules and principles of justice and fairness, fully warrant the sanction of striking what would be the Fifth Complaint.

4

While amendments to pleadings are allowed "when justice so permits," Rule 2-341 has clear requirements and limits. It provides as follows:

> **(a) Without Leave of Court.** A party may file an amendment to a pleading without leave of court by the date set forth in a scheduling order or, if there is no scheduling order, no later than 30 days before a scheduled trial date. Within 15 days after service of an amendment, any other party to the action may file a motion to strike setting forth reasons why the court should not allow the amendment. If an amendment introduces new facts or varies the case in a material respect, an adverse party who wishes to contest new facts or allegations shall file a new or additional answer to the amendment within the time remaining to answer the original pleading or within 15 days after service of the amendment, whichever is later. If no new or additional answer is filed within the time allowed, the answer previously filed shall be treated as the answer to the amendment.
>
> **(b) With Leave of Court.** A party may file an amendment to a pleading after the dates set forth in section (a) of this Rule only with leave of court. If the amendment introduces new facts or varies the case in a material respect, the new facts or allegations shall be treated as having been denied by the adverse party. The court shall not grant a continuance or mistrial unless the ends of justice so require.
>
> **Committee note:** The court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned. See *Falcinelli v. Cardascia*, 339 Md. 414 (1995).
>
> **(c) Scope.** An amendment may seek to (1) change the nature of the action or defense, (2) set forth a better statement of facts concerning any matter already raised in a pleading, (3) set forth transactions or events that have occurred since the filing of the pleading sought to be amended, (4) correct misnomer of a party, (5) correct misjoinder or nonjoinder of a party so long as one of the original plaintiffs and one of the original defendants remain as parties to the action, (6) add a party or parties, (7) make any other appropriate change. Amendments shall be freely allowed when justice so permits. Errors or defects in a pleading not corrected by an amendment shall be disregarded unless they affect the substantial rights of the parties.
>
> **(d) If New Party Added.** If a new party is added by amendment, the amending party shall cause a summons and complaint, together with a copy of all pleadings, scheduling notices, court orders, and other papers previously filed in the action, to be served upon the new party.
>
> **(e) Highlighting of Amendments.** Unless the court orders otherwise, a party filing an amended pleading also shall file at the same time a comparison copy of the amended pleading showing by lining through or enclosing in brackets

5

material that has been stricken and by underlining or setting forth in bold-faced type new material.

Plaintiff's filing ignores these requirements. She did not, among other things, (i) seek leave of this Court, (ii) request a new summons for her new *proposed* Defendant, (iii) failed to provide even a comparison copy of her new complaint, so that this Court and the Individual Defendants could easily understand her changes. The proper remedy is for this Court to strike her Fifth Complaint.

Plaintiff's Fifth Complaint also violates this Court's Scheduling Order, which made clear that the time to join additional parties ended on December 29, 2023. Plaintiff did not even bother to ask leave of this Court to permit her hopelessly late filing in clear violation of Rule 2-341(b). Plaintiff provides absolutely no reason for her failure to comply with this Court's Scheduling Order and Rules, and none exists. "[T]he pre-trial order is an extremely important tool for managing the docket and trials." *In Eagle Pitcher Idus., Onc. v. Balbos,* 84 Md. App. 10, 25, 578 A.2d 228 (1990), *aff'd in part, rev'd in part on other grounds*, 326 Md. 179, 604 A.2d 445 (1992). As such, courts have a duty to enforce them. *Naughton v. Bankier,* 114 Md. App. 641, 653, 691 A.2d 712, 718; *Watson v. Timberlake,* 251 Md. App. 420, 434, 253 A.3d 1094, 1102 (2021).

Plaintiff's attempt to join Mr. Seyfferth IV as a party in this case while he is in bankruptcy is also a clear and sanctionable violation of the automatic stay. "When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum." *City of Chicago v. Fulton,* 592 U.S. 154, 156, 141 S. Ct. 585, 589 (2021) (citing *Ritzen Group, Inc. v. Jackson Masonry, LLC,* 589 U.S. 35, 42, 140 S. Ct. 582, 589 (2020)). Those prohibited efforts include (i) "the commencement ... of a judicial ... or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title," 11

6

U.S.C. § 362(a)(1), and (ii) "any act ... to exercise control over property" of the bankruptcy estate. 11 U.S.C. § 362(a)(3). "This automatic stay is 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Houck v. Substitute Trustee Servs., Inc.*, 791 F.3d 473, 480 (4th Cir. 2015) (quoting S. Rep. No. 95-989, at 54 (1978)). Any effort to collect on a debt, such as filing of a state court action, forcibly removing a debtor from his home, stealing his and his children's valuables, ransacking a debtor's home, filing false criminal charges, and making repeat threats against a debtor all violate this automatic stay. *Ritzen*, 589 U.S. at 42, 140 S. Ct. at 589.

As the U.S. Supreme Court emphasized in *City of Chicago v. Fulton*, "[t]he automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others." 592 U.S. at 157, 141 S. Ct. at 590. "[A]ctions taken in violation of the automatic stay are considered void." *In re Thompson-Mendez*, 321 B.R. 814, 820 (Bankr. D. Md. 2005); *see also In re King*, 362 B.R. 226, 233 (Bankr. D. Md. 2007); *In re Brown*, 342 B.R. 248, 255 (Bankr. D. Md. 2006). Further, under the Bankruptcy Code (the "Code"), one injured by a willful violation of the stay "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). Needless to say, "[a]lleged violations of the automatic stay are taken seriously and subject to monetary and other sanctions under the Code. 11 U.S.C. § 362(k)." *See* ECF 5, p. 1.

Section 362 provides for "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, [] punitive damages" against someone who "willful[ly] violat[es] a stay provided by this section." 11 U.S.C. § 362(k)(1). The "willful" aspect necessary for punitive damages merely requires proof that the defendant (1) knew about the automatic stay and (2) intentionally took any action prohibited by § 362(a). *In re Atlantic Business & Community Corp.*, 901 F.2d 325, 329 (3d Cir.1990); *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989); *Budget Service*

7

*Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292-93 (4th Cir.1986).

There is no doubt that Plaintiff's action violates the automatic stay in Mr. Seyfferth IV's bankruptcy case, and she is precluded from adding him as a party roughly a month before trial.

## IV. CONCLUSION

WHEREFORE, for the reasons stated herein, the Individual Defendants request that this Court strike Plaintiff's late and improperly filed Fifth Complaint as a matter of law.

Respectfully submitted,

/s/ Jan I. Berlage
Jan I. Berlage (AIS#0201180001)
Gohn Hankey & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 (fax)
jberlage@ghsllp.com

Counsel for the Individual Defendants

8

| | | |
|---|---|---|
| WANDA SMITH | * | IN THE |
| Plaintiffs | * | CIRCUIT COURT |
| v. | * | OF MARYLAND FOR |
| CATALINA POOL BUILDERS, LLC, *et al.* * | | BALTIMORE COUNTY |
| Defendants | * | Case No.: C-03-22-004483 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2024, a copy of Defendants Clarence W. Seyfferth III, Joshua Seyfferth, and Leland Seyfferth (collectively, "Individual Defendants") Motion to Strike Plaintiff's Late and Improperly Filed Fourth Amended Complaint ("Fifth Complaint"), and Certificate of Service were served via first-class mail, MDEC and email to:

> Ericka N. King, Esq.
> 200 E. Lexington Street,
> Suite 1111
> Baltimore, MD 21202
> ekinglaw@gmail.com

> Respectfully submitted,
>
> /s/ Jan I. Berlage
> Jan I. Berlage (0201180001)
> Gohn Hankey & Berlage LLP
> 201 N. Charles Street, Suite 2101
> Baltimore, Maryland 21201
> 410-752-9300
> 410-752-2519 (fax)
> jberlage@ghsllp.com
>
> Attorney for Individual Defendants

E-FILED; Baltimore County Circuit Court
Docket: 8/10/2023 8:45 AM; Submission: 8/10/2023 8:45 AM
Envelope: 13586680



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754
Main: 410-887-2601

Case Number: C-03-CV-22-004483
Other Reference Numbers:

**WANDA SMITH VS. CATALINA POOL BUILDERS, LLC, ET AL.**

Date: 8/10/2023

## NOTICE OF CIVIL TRACK ASSIGNMENT AND SCHEDULING ORDER

The above case has been assigned to the **CIVIL STANDARD TRACK WITH MEDIATION** and it is hereby **ORDERED**, that this matter be referred for CIVIL MEDIATION (ADR) before the following Court-appointed Mediator: Robert Scott Brennen, Miles & Stockbridge, Pc  100 Light Street  Baltimore, Md  21202-1487, Telephone: Work: 410-727-6464 and it is further

**ORDERED**, that each party, through his or her counsel, is required to contact the mediator within 15 days of this order to arrange the date for the mediation conference, which must take place prior to the Mediation Deadline set forth in this Scheduling Order below, and it is further

**ORDERED**, that the parties shall compensate the Mediator, based on a rate approved by the Court and all costs are to be divided equally by the plaintiff(s) and defendant(s) in the case, unless agreed otherwise or ordered by the Court. (Note: If there are multiple parties, each side of the dispute will be responsible for paying a pro-rated share of the mediation costs. For example, if there are two plaintiffs and one defendant and total costs of the mediation are $300.00, each plaintiff would pay $75.00 and the defendant would pay $150), and it is further

**ORDERED**, that the attached **CIVIL MEDIATION INSTRUCTIONS** are incorporated as part of this order.

If you have any questions concerning your track assignment, please contact the DCM Office at (410) 887-3233. **You must notify the DCM Office within 15 days of the receipt of this order as to any conflicts with the following dates:**

### SCHEDULING ORDER

1. Motions to Dismiss under Md. Rule 2-322(b) are due by..................................................... 08/25/2023
2. Plaintiff's Expert Reports or Md. Rule 2-402(g)(1) Disclosures................................. 10/30/2023
3. Defendant's Expert Reports or Md. Rule 2-402(g)(1) Disclosures.............................. 12/29/2023
4. Joinder of Additional Parties Deadline is................................................................. 12/29/2023
5. Dismissal Notice for unserved defendants (Md. Rule 2-507 (B))................................ 12/08/2023
6. Discovery must be completed by.............................................................................. 01/28/2024
7. All Motions (excluding Motions in Limine) are due by............................................. 02/27/2024
8. Mediation ADR Deadline Date is............................................................................. 02/27/2024
9. Settlement Conference is......................................................................................... 03/28/2024

Settlement Conference: Start Time:130pm; Hon.Charles C. Deeley Jr.;

8/10/2023
Date

Ruth Ann Jakubowski
Administrative Judge

**EXHIBIT 1**

BACC-V-018 (Rev. 11/2022)     Page 1 of 4     8/10/2023 8:43 AM

**Jan I. Berlage**

| | |
|---|---|
| **From:** | Jan I. Berlage |
| **Sent:** | Friday, February 23, 2024 5:38 PM |
| **To:** | 'ekinglaw@gmail.com' |
| **Cc:** | Saxon Marvin; Tracey Collins |
| **Subject:** | RE: Smith v. Catalina Pool Builders, LLC, et al.: Joshua and Leland Seyfferth's Answers to Interrogatories |
| **Attachments:** | doc_20240223124248.pdf; doc_20240223105939.pdf |
| **Importance:** | High |

Ericka:

<u>One</u>, attached are Joshua and Leland Seyfferth's Answers to Plaintiff's Interrogatories.

<u>Two</u>, that said, you appear to have named and served Clarence Seyfferth III as a defendant in this case when you meant to name and serve his son, Clarence Seyfferth IV. If you would like to file a Motion substituting the two, we will consent to the relief requested. In either event, since a non-party can be deposed, Clarence Seyfferth IV will appear for his deposition as scheduled this upcoming Tuesday, February 27. This will also confirm that Joshua and Leland Seyfferth will appear as scheduled for their depositions that same day.

I hope you have a good weekend.

Sincerely,
Jan

GOHN HANKEY & BERLAGE LLP

| *Baltimore* | *Annapolis* | *Jan I. Berlage* |
|---|---|---|
| *201 North Charles Street* | *111 Cathedral Street* | Direct: 410-752-1261 |
| *Suite 2101* | *Suite 301* | Mobile: 443-857-7789 |
| *Baltimore, Maryland 21201* | *Annapolis, Maryland 21401* | JBerlage@ghsllp.com |
| 410-752-9300 | | |
| 410-752-2519 fax | | |
| www.ghsllp.com | | |



EXHIBIT 2

1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF MARYLAND

Case number *(if known)* _____

Chapter you are filing under:
- ☒ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy          12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** <br> Write the name that is on your government-issued picture identification (for example, your driver's license or passport). <br> Bring your picture identification to your meeting with the trustee. | **Clarence** <br> First name <br><br> _____ <br> Middle name <br><br> **Seyfferth, IV** <br> Last name and Suffix (Sr., Jr., II, III) | _____ <br> First name <br><br> _____ <br> Middle name <br><br> _____ <br> Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** <br> Include your married or maiden names and any assumed, trade names and *doing business as* names. <br> Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | **Scott Seyfferth** |  |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | ███████ |  |

**EXHIBIT 3**

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 1

Debtor 1   Clarence Seyfferth, IV _____   Case number (if known) _____

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☒ No
   ☐ Yes. List all payments to an insider.

   | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
   |---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ☒ No
   ☐ Yes. List all payments to an insider

   | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
   |---|---|---|---|---|

### Part 4: Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☒ Yes. Fill in the details.

   | Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
   |---|---|---|---|
   | Johnson, et al. v. Seyfferth, et al.<br>C-16-cv-23-001430 | Civil Action | Circuit Court Prince George's County | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
   | Smith v. Seyfferth, et al.<br>C-03-CV-22-004483 | Civil Action | Circuit Court Baltimore County | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
   | Myers, et al. v. Seyfferth, et al.<br>C-02-CV-23-001413 | Civil Action | Circuit Court for Anne Arundel County | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
   | In the Matter of the Claim of Kyle Remick<br>MHIC No.: 23(75)200 | Administrative Hearing - Maryland Home Improvement Guaranty Fund | MD Office of Administrative Hearings | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
   | In the Matter of the Claim of Albert Nunnally<br>MHIC No.: 23(75)435 | Administrative Hearing - Maryland Home Improvement Guaranty Fund | MD Office of Administrative Hearings | ☐ Pending<br>☐ On appeal<br>☒ Concluded |

Debtor 1  Clarence Seyfferth, IV     Case number (if known) _____

| 4.2 5 | Wanda Smith | Last 4 digits of account number | Unknown |

Nonpriority Creditor's Name
c/o Ericka Nicole King
200 E. Lexington Street
Suite 1111
Baltimore, MD 21202
Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Civil Suit

**Part 3:** List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:** Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
|  | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
|  | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
|  | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
|  | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ 0.00 |

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ 0.00 |
|  | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
|  | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
|  | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 1,507,093.49 |
|  | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ 1,507,093.49 |

## United States Bankruptcy Court
### District of Maryland

In re  Clarence Seyfferth, IV                                    Case No.
                           Debtor(s)                             Chapter  7

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: May 2, 2024          /s/ Clarence Seyfferth, IV
                           Clarence Seyfferth, IV
                           Signature of Debtor

```
Wanda Smith
c/o Ericka Nicole King
200 E. Lexington Street
Suite 1111
Baltimore, MD 21202


Wells Fargo Auto
PO Box 17900
Denver, CO 80217
```